THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>PARK HUNG QUAN,<br><br>                              Defendant. | CASE NO. CR19-0148-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulated motion to proceed with Defendant's change of plea hearing by video or telephonic conference (Dkt. No. 39). Having thoroughly considered the parties' motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the parties' stipulated motion to proceed with the change of plea hearing by video or telephonic conference (Dkt. No. 39) for the reasons explained herein.

I.      BACKGROUND

On July 29, 2019, Defendant was charged with one count of being a felon in possession of a firearm. (Dkt. No. 1.) The parties have reached a plea agreement under which the parties agree to recommend no more than 48 months of custody. (Dkt. No. 39 at 2.) The parties ask the Court to permit Defendant to enter his guilty plea by video or telephonic conference. (*Id.* at 2; Dkt. No. 30-1 at 1–2.) Defendant has waived his right to be personally present for the change of plea hearing and consents to proceed via video or telephonic conference. (Dkt. No. 40.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## II.   DISCUSSION

On March 30, 2020, Chief Judge Ricardo S. Martinez issued General Order 04-20, which states in relevant part,

> The use of video conferencing or telephone conferencing for felony pleas under Fed. R. Crim. P. 11 and felony sentencings under Fed. R. Crim. P. 32 is hereby authorized provided that the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice. In cases that can be further delayed without such harm, the district judge should instead continue the sentencing or trial date.

W.D. Wash., General Order 04-20, at 2–3 (Mar. 30, 2020).

In this case, delaying Defendant's guilty plea hearing, and consequently his sentencing, would cause serious harm to the interests of justice. Under General Order 08-20, in-person criminal hearings in the Western District of Washington will not resume until at least August 3, 2020. *See* W.D. Wash., General Order 08-20, at 2 (May 13, 2020). Thus, absent the Court's intervention, Defendant cannot participate in a guilty plea hearing until at least August 3, 2020, despite having already reached a plea agreement with the Government. (Dkt. No. 39 at 2.) Unnecessarily delaying Defendant's guilty plea hearing until at least August 3, 2020, would prejudice Defendant, who has an interest in a speedy resolution of this matter. (*See id.*) The Court therefore FINDS that Defendant's guilty plea hearing "cannot be further delayed without serious harm to the interests of justice." *See* W.D. Wash., General Order 04-20, at 3.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to proceed with the change of plea hearing by video or teleconference (Dkt. No. 39). The Court ORDERS that Defendant's guilty plea hearing before a Magistrate Judge be set as soon as practicable and be conducted by video or telephonic conference.

//

//

//

ORDER
CR19-0148-JCC
PAGE - 2

1    DATED this 4th day of June 2020.

2

3

4

5    John C. Coughenour
    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26