THE HONORABLE JOHN C. COUGHENOUR

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0148-JCC |
| Plaintiff, | ORDER |
| v. | |
| PARK HUNG QUAN, | |
| Defendant. | |

This matter comes before the Court on the Government's motion for entry of a preliminary order of forfeiture (Dkt. No. 57) seeking to forfeit, to the United States, Defendant Park Hung Quan's interest in the following property:

1. One Sig Sauer, Model P228, 9mm Parabellum caliber semi-automatic pistol, serial number B304183;

2. One Sig Sauer, Model P226, .40S&W caliber semi-automatic pistol, serial number U591698;

3. One Kel-Tec, Model P F-9, 9mm Luger caliber semi-automatic pistol, serial number S2T97;

4. One FN, Model FNS-40, .40S&W caliber semi-automatic pistol, serial number GKU0004153;

5. One GSG, Model 522, .22LR caliber semi-automatic rifle, serial number A438065;

6. One Anderson, Model AM-15, 5.56 NATO/.223 Remington caliber AR-type semi-automatic rifle, serial number 14090370;

7. One TGI FPK, 7.62x54Rmm caliber Dragunov-type semi-automatic designated marksman rifle, serial number KR0694;

8. One GSG, Model GSG-5, .22LR caliber rifle, serial number A331021;

9. One Century Arms Inc., Model R1A1 Sporter, .308 Winchester caliber rifle, serial number CA33130;

10. One Steyr-Mannlicher, Model Steyr USR, .223 Remington caliber semiautomatic rifle, serial number 909USR637;

11. One FN, Model PS90, 5.7x28mm semi-automatic rifle, serial number FN092503;

12. One Bushmaster, Model XM15-E2S, 5.56 NATO/.223 Remington caliber AR-type semi-automatic rifle, serial number L435132; and

13. All associated ammunition.

The Court, having reviewed the Government's motion, as well as the relevant record, hereby FINDS that entry of a preliminary order of forfeiture is appropriate because:

- The above-identified property is forfeitable pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), as it was involved or used in the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), to which the Defendant entered a guilty plea, (Dkt. No. 48); and

- Pursuant to the plea agreement Defendant entered on June 12, 2020, Defendant agreed to forfeit his interest in the above-identified property, (Dkt. No. 48 at ¶ 12).

Accordingly, the Court ORDERS as follows:

1) Pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and the plea agreement, Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A)–(B), this preliminary order will be final as to Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

3) The United States Department of Justice, and/or its authorized agents or representatives, shall maintain the property in its custody and control until further order of the Court;

4) Pursuant to Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this preliminary order and its intent to dispose of the property as permitted by governing law. The notice shall be posted on an official government website—currently www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the property, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than Defendant, who has or claims a legal interest in the electronic equipment must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

   a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property;
   b. shall be signed by the petitioner under penalty of perjury; and
   c. shall set forth the nature and extent of the petitioner's right, title or interest in the property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to the property, and this preliminary order shall become the final order of forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accord with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a final order of forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7) The Court will retain jurisdiction for the purpose of enforcing this preliminary order, adjudicating any third-party petitions, entering a final order of forfeiture, and amending the preliminary order or final order as necessary pursuant to Federal Rule of Criminal Procedure 32.2(e).

DATED this 14th day of October 2020.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE