THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR19-0148-JCC |
| Plaintiff, | ORDER |
| v. | |
| PARK HUNG QUAN, | |
| Defendant. | |

This matter comes before the Court on the Government's motion (Dkt. No. 87) for a final order of forfeiture for the following property:

1. One Sig Sauer, Model P228, 9mm Parabellum caliber semi-automatic pistol, serial number B304183;

2. One Sig Sauer, Model P226, .40S&W caliber semi-automatic pistol, serial number U591698;

3. One Kel-Tec, Model P F-9, 9mm Luger caliber semi-automatic pistol, serial number S2T97;

4. One FN, Model FNS-40, .40S&W caliber semi-automatic pistol, serial number GKU0004153;

5. One GSG, Model 522, .22LR caliber semi-automatic rifle, serial number A438065;

6. One Anderson, Model AM-15, 5.56 NATO/.223 Remington caliber ARtype semi-automatic rifle, serial number 14090370;

7. One TGI FPK, 7.62x54Rmm caliber Dragunov-type semi-automatic designated marksman rifle, serial number KR0694;

8. One GSG, Model GSG-5, .22LR caliber rifle, serial number A331021;

9. One Century Arms Inc., Model R1A1 Sporter, .308 Winchester caliber rifle, serial number CA33130;

10. One Steyr-Mannlicher, Model Steyr USR, .223 Remington caliber semiautomatic rifle, serial number 909USR637;

11. One FN, Model PS90, 5.7x28mm semi-automatic rifle, serial number FN092503;

12. One Bushmaster, Model XM15-E2S, 5.56 NATO/.223 Remington caliber AR-type semi-automatic rifle, serial number L435132; and

13. All associated ammunition.

The Court, having reviewed the Government's motion, the supporting documents, and the other pleadings and papers on file, HERBY FINDS that entry of a final order of forfeiture is appropriate because:

- In the Plea Agreement that Defendant Park Hung Quan entered on June 12, 2020, he agreed to forfeit his interest in the above-identified property because it was involved or used in his commission of the offense of *Felon in Possession of a Firearm*, in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 48);

- On October 14, 2020, the Court entered a Preliminary Order of Forfeiture, finding the above-identified property forfeitable under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and forfeiting the Defendant's interest in it (Dkt. No. 63);

- Thereafter, the United States published notice of the pending forfeiture as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b)(6)(C), (*see* Dkt. No. 66), and provided direct notice to a potential claimant as required by Fed. R. Crim. P. 32.2(b)(6)(A), (*see* Dkt. No. 87-1); and

- The time for filing third-party petitions has expired, and the only claim filed was withdrawn 11 days later. (Dkt. Nos. 68, 70.)

NOW, THEREFORE, THE COURT ORDERS:

1. No right, title, or interest in the above-listed property exists in any party other than the United States;

2. The property is fully and finally condemned and forfeited, in its entirety, to the United States; and

3. The United States Department of Homeland Security, and/or its representatives, are authorized to dispose of the property in accordance with the law.

IT IS SO ORDERED this 7th day of December 2021.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE